**Bruce K. MIERAU, Respondent,**

v.

**ALCON INDUSTRIES, INC. and St. Paul Risk Services, Inc., Relators.**

No. C7–85–1892.

Supreme Court of Minnesota.

May 16, 1986.

Mary A. Rice, St. Paul, for relators.

Raymond R. Peterson, Minneapolis, for respondent.

SCOTT, Justice.

Upon employee's appeal to the Workers' Compensation Court of Appeals from an order of Compensation Judge Jennifer Patterson requiring employee to attend a pretrial deposition, the employer-insurer moved to dismiss the appeal for lack of subject matter jurisdiction. The WCCA, with Judge Mahlon Hanson dissenting, denied this motion and vacated the order, holding that it had been an abuse of the compensation judge's discretion. The employer-insurer then sought review in this court. Because we agree with Judge Han-

son that the order was not appealable, we reverse.

■■■ The extent of the WCCA's jurisdiction is governed by statute. Although Minn.Stat. § 175A.01, subd. 2 (1984) provides that the WCCA "shall have statewide jurisdiction," it also provides:

> Except for an appeal to the supreme court or any other appeal allowed under this subdivision, the workers' compensation court of appeals shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the workers' compensation laws of the state *in those cases that have been appealed to the workers' compensation court of appeals * * *.*

(Emphasis added). Minn.Stat. § 176.421, subd. 1 (1984) provides what "cases" can be appealed to the WCCA:

> When a petition has been heard before a compensation judge, within 30 days after a party in interest has been served with notice of an award or disallowance of compensation *or other order affecting the merits of the case*, he may appeal to the workers' compensation court of appeals * * *.

(Emphasis added). An order requiring a party to attend a discovery deposition is not an "order affecting the merits of the case," nor is it an order preventing a later determination on the merits. Thus, the order was not appealable under this statute, the WCCA lacked subject matter jurisdiction over the appeal, and it erred in denying the employer-insurer's motion for dismissal. That being true, it is of course unnecessary to reach the merits of the order.[1]

The decision under review is reversed and the order of the compensation judge is reinstated.

---

1. Although Judge Adel suggested that the WCCA acted appropriately in considering the appeal because employee would have no redress if the deposition ultimately were shown to have been unnecessary, that possibility cannot confer jurisdiction. Requiring a party to attend a deposition hardly imposes an unusual burden on him. However, in the unlikely event that a compensation judge authorized excessive or plainly unnecessary discovery, a party could apply to this court for a writ of prohibition.